IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA CORTEZ, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:25-cv-3953 |
| v. | § | |
| | § | |
| THE SALVATION ARMY | § | |
| *Defendant.* | § | |

## <u>INDEX OF MATTERS BEING FILED</u>

TO:    THE CLERK OF THE SOUTHERN DISTRICT COURT OF TEXAS, HOUSTON DIVISION

COMES NOW Defendant, The Salvation Army and attach this Index of Matters Being Filed to their Notice of Removal.

1.    Docket Report/Case History for Cause No. 202549202 (dated August 18, 2025);

2.    Plaintiff's Original Petition (filed July 15, 2025);

3.    Request for Issuance of Citation (filed July 15, 2025);

4.    Return of Service of Citation (filed July 24, 2025); and

5.    Defendant's Original Answer (filed August 15, 2025).

# EXHIBIT A

Respectfully submitted,

**CASTAGNA SCOTT, PLLC**
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
512-329-3290
888-255-0132 fax

By:  */s/ Katie Santmyer*
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Katherine M. "Katie" Santmyer
    State Bar No. 24108708
    Katie@texasdefense.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

<u>***VIA E-MAIL***</u>
Jeff B. Badders
Matt Hancock
BADDERS LAW FIRM, PC
1208 West Gray Street
Houston, Texas 77019

and in accordance with the Federal Rules of Civil Procedure, on the 20th day of August 2025.

    */s/ Katie Santmyer*
    Katherine M. "Katie" Santmyer

**Chronological Case History**

| **Style** | CORTEZ, SILVIA vs. THE SALVATION ARMY | | | | |
| **Case Number** | 202549202 | **Case Status** | Active - Civil | **Case Type** | Premises |
| **File Court** | 133 | **File Date** | 7/15/2025 | **Next Setting** | N/A |

| Date | Type | Description |
|------|------|-------------|
| 7/15/2025 | DOCUMENT | ORIGINAL PETITION **COURT:** 133 **ATTORNEY:** BADDERS, JEFFERY BARTON **PERSON FILING:** CORTEZ, SILVIA |
| 7/22/2025 12:00:00 AM | SERVICE | **PERSON SERVED:** THE SALVATION ARMY (FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS **SERVICE TYPE:** CITATION CORPORATE **INSTRUMENT:** ORIGINAL PETITION |
| 8/15/2025 | ACTIVITY | JURY DEMAND MADE (TRCP 216) **COURT:** 133 |
| 8/15/2025 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 133 |
| 8/15/2025 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 133 |
| 8/15/2025 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 133 **ATTORNEY:** SANTMYER, KATHERINE MARIE **PERSON FILING:** THE SALVATION ARMY |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/22/2025
CT Log Number 549663904

## Service of Process Transmittal Summary

**TO:**  Karmen Decosta-Saxton, Legal Operations Manager
THE SALVATION ARMY Legal Dept
1424 NORTHEAST EXPY NE
ATLANTA, GA 30329-2088

**RE:**  **Process Served in Texas**

**FOR:**  The Salvation Army  (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**  Re: SILVIA CORTEZ // To: The Salvation Army

**CASE #:**  202549202

**NATURE OF ACTION:**  Personal Injury - Failure to Maintain Premises in a Safe Condition

**PROCESS SERVED ON:**  C T Corporation System, Dallas, TX

**DATE/METHOD OF SERVICE:**  By Process Server on 07/22/2025 at 11:26

**JURISDICTION SERVED:**  Texas

**ACTION ITEMS:**  CT will retain the current log

Image SOP

Email Notification,  Karmen Decosta-Saxton
karmen.decosta-saxton@uss.salvationarmy.org

**REGISTERED AGENT CONTACT:**  C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
866-401-8252
LargeCorporationTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Jul 22, 2025
**Server Name:**             Caleb Malone

| Entity Served | THE SALVATION ARMY |
|---|---|
| Case Number | 202549202 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



CAUSE NO. 202549202

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1036647

TRACKING NO: 74510574

| | |
|---|---|
| Plaintiff: | In The 133rd |
| CORTEZ, SILVIA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| THE SALVATION ARMY | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   THE SALVATION ARMY (FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on July 15, 2025 in the above cited cause number and court.  The
instrument attached describes the claim against you.

        **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

        This citation was issued on July 16, 2025, under my hand and seal of said court.



Marilyn Burgess, District Clerk

Issued at the request of:

HANCOCK, MATTHEW ALAN
1208 W GRAY STREET

HOUSTON TX 77019
**346-415-6400**
Bar Number: 24072138

Harris County, Texas
201  CAROLINE    Houston  Texas
77002
(PO  Box  4651,  Houston,  Texas
77210)

Generated By:CHANDRA LAWSON

Caleb Malone
PSC 1574 exp 10/31/
2025/07/22 11:26:07

Tracking Number: 74510574

**CAUSE NUMBER: 202549202**

| | |
|---|---|
| PLAINTIFF: CORTEZ, SILVIA | In the 133rd |
| vs. | Judicial District Court of |
| DEFENDANT: THE SALVATION ARMY | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____

_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
      By_____
         Affiant                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___.

_____
                                    Notary Public

CAUSE NO. _____

| | | |
|---|---|---|
| SILVIA CORTEZ | § | IN THE ____ DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | OF |
| | § | |
| THE SALVATION ARMY | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, SILVIA CORTEZ, complaining of Defendant, THE SALVATION ARMY, and for cause of action would show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Level III of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### RESIDENCE OF PARTIES

Plaintiff is a resident of Houston, Harris County, Texas. The last three digits of her Social Security Number are: 923.

Defendant, The Salvation Army is a Foreign Nonprofit Corporation conducting business in Texas and can be served with citation by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction of this cause because the Plaintiff's damages are within the jurisdictional limits of this Court.

Defendant had continuous and systematic contacts with the State of Texas sufficient to

establish general jurisdiction over said Defendant. Plaintiff would further show that her cause of action against Defendant arose from its continuous and systematic contacts with the State of Texas.

Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and Tex. Ins. Code § 1952.110 in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## IV.
## REQUEST PURSUANT TO RULE 28 AND MISNOMER

To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answer to this suit, each Defendant answer in its correct legal and assumed name.

Plaintiff expressly and specifically invokes her right under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of Defendants substituted at a later time upon motion of any party or the Court.

## V.
## FACTUAL ALLEGATIONS

On or about June 18, 2024, Plaintiff, Silvia Cortez, entered Defendant's business premises located at 2222 Sawyer Street, Houston, TX 77007 (hereinafter "premises"). Plaintiff will show that Defendant maintained control, possession, and ownership of the premises where the incident occurred.

Defendant extended an open invitation to the public, including Plaintiff, to enter the premises and purchase goods and services being sold by Defendant. Plaintiff entered the premises, during normal business hours. Accordingly, Plaintiff was a business invitee to whom Defendant

owed the duty to use ordinary care in making its premises reasonably safe and/or warning Plaintiff of any dangerous conditions and/or activities existing upon said premises.

On the occasion in question, Plaintiff was saying goodbye to her friends, when two males, whose identities are unknown at this time, on the premise, doing community service were loading approximately fifteen mirrors into a cart, when the cart crashed and broke, hitting and severally injuring Plaintiff. As a result of the incident, Plaintiff suffered serious and incapacitating injuries to her right leg, right ankle, right knee, and back.

## VI.
## CAUSES OF ACTION

At the time and on the occasion described above, Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to warn invitees, including the Plaintiff of the unreasonably dangerous condition of the premises in question;

3. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

4. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

5. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

6. In failing to remove, eliminate, minimize, or abate dangerous conditions;

7. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe;

8. In failing to properly warn the public;

9. In creating an unreasonably dangerous condition on the premises

### i.   Negligent Activity

Defendant owed a duty of reasonable care in carrying out loading activities to prevent harm to invitees on the premises. Defendant breached this duty by including but not limited to failing to properly secure and stabilize the cart, using improper loading methods, failing to adequately supervise the loading process, and failing to exercise ordinary care in the management and control of the mirrors and cart during the loading process, failing to make sure the mirrors were secure on the care, and failure to safely move the cart.  Such negligent acts directly caused the incident in question, resulting in Plaintiff's injuries. Defendant's negligent conduct was a direct and proximate cause of Plaintiff's injuries and damages.

Each of the above-described acts of negligence, both of omission and commission, singularly and in combination with others, constituted negligence which proximately caused the occurrence in question and resulting injuries and damages to the Plaintiff.

### VII.
### ASSUMED CONTROL, PREMISES LIABILITY, CREATION OF A DANGEROUS CONDITION

Defendant owned, operated, maintained, managed, operated, and otherwise had full control over the safety, procedures, and activities on the premises, and decisions as to safety, conditions, and activities on the premises.

Defendant knew or had reason to know that conditions at the premises in question were unsafe and created a dangerous environment and condition for Plaintiff. Defendant knew or should have known such condition and activity was dangerous and created an unreasonable risk of harm

since Defendant's agents, servants, managers, and employees actually caused and created the dangerous condition.

Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to invitees, specifically to Plaintiff. This duty includes, but is not limited to, the duty to cure the unreasonable risk of harm.

Defendant's breach of the duty includes, but is not limited to, those conditions listed in paragraph VI. (1-9), which is not exhaustive, but merely illustrative of the wrongful conduct of Defendant for which Plaintiff brings suit.

## VIII.
## NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

Defendant, The Salvation Army owed a duty to exercise reasonable care to the public at large, and to Plaintiff specifically, when hiring to make sure that Defendant's agents, servants and/or employees were competent and fit to perform and carry out their assigned duties. Furthermore, The Salvation Army owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Defendant's agents, servants and/or employees and a duty to exercise ordinary care in retaining such agents, servants and/or employees, which includes, but is not limited to, the duty to remain knowledgeable about their competence or fitness.

The Salvation Army breached its duty by failing to use ordinary care in hiring, supervising, training, and retaining Defendant's agents, servants and/or employees. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Defendant's agents, servants and/or employees were fit and competent to promptly identify, remove, eliminate, minimize, or abate dangerous conditions and common risks that arose during Defendant's day-to-day operations of the premises.

The Salvation Army's breach proximately caused the Plaintiff's injuries.

## IX.
## RES IPSA LOQUITOR

The character of the injury suffered by Plaintiff is such that it would not have occurred without negligence and the instrumentality that caused the injury was under the sole management and control of Defendant.

## X.
## GROSS NEGLIGENCE

The wrong done by Defendants and/or its agents, servants, and employees was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendant's conduct, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## XI.
## DAMAGES

As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

1. Past physical pain, suffering, and mental anguish;

2. Physical pain, suffering, and mental anguish;

3. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

4. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

5. Physical impairment to the person of the Plaintiff that has been incurred in the past;

6. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;

7. Loss of earnings in the past;

8. Loss of earning capacity in the future;

9. Physical disfigurement that said Plaintiff has suffered in the past;

10. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

11. Loss of enjoyment of life in the past; and

12. Loss of enjoyment of life which, in all reasonable probability, will be incurred in the future.

## XII.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the incident in question, Defendant's agents, servants, and employees were acting within the course and scope of their employment with Defendant. Specifically, Plaintiff will show that Defendant, The Salvation Army had the right to control all the activities of its agents, servants, and employees at all times material hereto, and, therefore, Defendant is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## XIII.
## INTEREST

Plaintiff hereby seeks all pre-judgement and post-judgement interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## XIV.
## PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2019 National Vital Statistics Reports; Vol. 68, No. 9, Plaintiff has a life expectancy of 22.7 years, and Plaintiff intends to use a certified copy of the United States Life Tables, 2019 National Vital Statistics Reports; Vol. 68 No. 9, and offer same into evidence at the time of trial.

## XV.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## XVI.
## TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by Defendant as authenticated documents.

## XVII.
## REQUEST FOR PRESERVATION

Defendant is hereby given notice that any document, other material, or item, including but not limited to: statements, photos, video, audio, surveillance or security recordings, emails, voicemails, text messages or other electronically stored information, business or medical records, incident reports, periodic reports, financial statements, bills, call slips or records, estimates, invoices, checks, measurements, correspondence, faxes, or other information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final hearing she has judgement against Defendant, The Salvation Army for the injuries and damages sustained by Plaintiff. Plaintiff's damages are substantial and many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury, therefore, Plaintiff will rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her. However, in order to comply with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in excess of One Million and

No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other

and further relief, general and special, legal and equitable, to which she may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC

*/s/ Jeff B. Badders*
JEFF B. BADDERS
State Bar No. 01496850
Badders@Badderslaw.com
Matt Hancock
State Bar No. 24072138
Matt.H@badderslaw.com
1208 West Gray Street
Houston, Texas 77019
(346) 415-6400 Phone
(346) 415-6401 Fax

*Attorneys for Plaintiff –*
*Silvia Cortez*

7/15/2025 5:55:29 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 103175964
By: LAWSON, CHANDRA K
Filed: 7/15/2025 5:55:29 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition _____

**FILE DATE:** 07.15.25 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** The Salvation Army _____

Address of Service: 1999 Bryan Street, Suite 900 _____

City, State & Zip: Dallas, Texas 75201-3136 _____

Agent (if applicable) C T Corporation System _____

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**  **Newspaper** _____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP** (phone) _____
- [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney** at: _____    **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
- [x] **OTHER,** *explain*  Email: Alex@badderslaw.com

**Issuance of Service Requested By:** Attorney/Party Name: Matt Hancock    Bar # or ID  24072138

Mailing Address: 1208 W Gray Street, Houston, TX, 77019

Phone Number: 346-415-6400

7/24/2025 5:55 PM

CAUSE NO. 202549202

COPY OF PLEADING PROVIDED BY PLT

Marilyn Burgess - District Clerk Harris County
Envelope No. 103569240
By: Ashley Lopez
Filed: 7/24/2025 5:55 PM

RECEIPT NO: 1036647

TRACKING NO: 74510574

| Plaintiff: | In The 133rd |
| CORTEZ, SILVIA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| THE SALVATION ARMY | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   THE SALVATION ARMY (FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on July 15, 2025 in the above cited cause number and court.  The
instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on July 16, 2025 under my hand and seal of said court.

Issued at the request of:

HANCOCK, MATTHEW ALAN
1208 W GRAY STREET

HOUSTON TX 77019
**346-415-6400**
Bar Number: 24072138

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201  CAROLINE    Houston  Texas
77002
(PO  Box  4651,  Houston,  Texas
77210)

Generated By: CHANDRA LAWSON

Tracking Number: 74510574

**CAUSE NUMBER: 202549202**

| | |
|---|---|
| PLAINTIFF: CORTEZ,  SILVIA | In the 133rd |
| vs. | Judicial District Court of |
| DEFENDANT: THE SALVATION ARMY | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.                          SEE
                                                ATTACHED
Fees $_____

_____
By_____
    Affiant                                              Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20__.

_____          Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

**AFFIDAVIT OF SERVICE**

State of Texas                    County of Harris              133rd Judicial District

202549202

Cortez, Silvia, Plaintiff(s) vs. The Salvation Army, Defendant(s)

Received this Citation, Plaintiff's Original Petition on the 21st day of July, 2025 at 11:44 AM to be served on **The Salvation Army to its registered agent C T Corporation System at 1999 Bryan St, Suite 900, Dallas, TX 75201.**

I, Caleb Malone, do hereby affirm that on the **22nd day of July, 2025 at 11:19 AM, I:**

Delivered in person to **The Salvation Army to its registered agent, C T Corporation System to fulfillment manager Brett Bagwell** a true copy of the Citation, Plaintiff's Original Petition at the address of: **1999 Bryan St, Suite 900, Dallas, TX 75201**, in the county of **Dallas**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, not a party to, nor have any interest in the outcome of the above numbered suit. I am certified to deliver citations and other notices.

Caleb Malone, PSC 1574, exp. 10/31/2025

County of Dallas

July 22, 2025

Subscribed and sworn to before me on July 22, 2025, by the affiant who is personally known to me.

_____ NOTARY PUBLIC

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 09-01-2028
Notary ID 129009133

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 103569240
Filing Code Description: No Fee Documents
Filing Description: Return of Service for Defendant The Salvation Army
Status as of 7/25/2025 12:07 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Badders | | badders@badderslaw.com | 7/24/2025 5:55:46 PM | SENT |
| Matt Hancock | | matt.h@badderslaw.com | 7/24/2025 5:55:46 PM | SENT |
| Alexandria White | | Alex@badderslaw.com | 7/24/2025 5:55:46 PM | SENT |

8/15/2025 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104421594
By: Bernitta Barrett
Filed: 8/15/2025 10:01 AM

CAUSE NO. 202549202

| | | |
|---|---|---|
| SILVIA CORTEZ | § | IN THE 133RD DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | OF |
| | § | |
| THE SALVATION ARMY | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW The Salvation Army, Defendant in the above entitled and numbered cause, and file its Original Answer, and would respectfully show the Court and Jury as follows:

## I.
## GENERAL DENIAL

1.      The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type.  Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against then by Plaintiff.

2.      At any trial of this cause, Defendant will exercise their legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon her, to prove each and every material allegation contained in her pleadings by a preponderance of the credible evidence.

## II.
## AFFIRMATIVE DEFENSES

3.      Defendant would show that Plaintiff's alleged injuries and damages were proximately caused by Plaintiff's own negligent conduct, both of omission and commission, in one or more of the following respects:

---

*Defendant's Original Answer*                                                                                          1

(a) Inattention;
(b) Failing to remain aware of other customers and potential hazards'
(c) Failing to keep a proper lookout; and
(d) Failing to heed warnings.

4.      Each of these acts and/or omissions, singularly or in combination with the others, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of Plaintiff's action and all damages alleged in this case.

5.      Defendant The Salvation Army is a "charitable organization" as the term is defined by §84.004(1)(A) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Accordingly, Defendant The Salvation Army seeks all the protections and rights afforded upon it by the TEXAS CIVIL PRACTICE & REMEDIES CODE §84.000 et seq., including but not limited to the organizational liability limits set forth in §84.006.

6.      Defendant is entitled to full rights and benefits provided by the TEXAS RULES OF CIVIL PROCEDURE, the TEXAS CIVIL PRACTICE & REMEDIES CODE, and any other applicable law or authority, regarding the apportionment of responsibility among responsible persons and the rights to any applicable credits, reductions, and/or limitations on damages and upon any judgment that may be entered in this lawsuit.

7.      In addition, neither Defendant nor any of its employees or agents owned, operated, or controlled the subject mirrors. Similarly, neither Defendant or its employees or agents, had any control over the subject cart.

8.      Defendant would show that Plaintiff's damages, if any, were proximately caused by preexisting and/or subsequent physical conditions and medical conditions and/or accidents.

9.      Defendant would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.  TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105.  Any amount that is discounted, written off, or

adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

10.    If Plaintiff suffered any damages as a result of Defendant's alleged actions, Plaintiff had a duty to mitigate those damages. Plaintiff failed to mitigate her damages and any damages awarded against Defendant should be reduced by any amounts she could have avoided being charged and/or owing to her health care providers. Plaintiff failed to mitigate her damages to the extent that she or her lawyers entered into an arrangement with Plaintiff's medical providers to defer payment for medical services based upon the outcome of the claim resulting in this lawsuit. Such an arrangement gives the medical providers a financial stake in the outcome of this lawsuit and allows Plaintiff's medical expenses to go unaudited, unchecked, and unregulated resulting in Plaintiff being charged Tier 1 pricing for medical services that does not establish the fair market value of the services rendered. The arrangement with medical providers to defer payment for medical services may have occurred through a "Letter of Protection"; a "Notice of Responsible Insurance"; an agreement tied to the outcome of the suit; a general business understanding between the medical providers and Plaintiff's counsel; a course of dealing on the part of Plaintiff's attorneys; or some other express or tacit agreement between the medical providers and Plaintiff's attorneys.

11.    The resulting Tier 1 charges are excessive and were incurred in an effort to increase the recovery of medical and healthcare expenses under TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105. Plaintiff failed to mitigate her damages to the extent she, individually or acting by and through her attorneys, failed to take reasonable steps to ensure her medical charges did not exceed reasonable expenses for necessary medical care as established by the fair market value for

such medical services as determined by the State of Texas, Medicare, Medicaid and/or private health insurance payors for the same Current Procedural Terminology ("CPT"®) code as established by the American Medical Association for the same time period in

the same geographical region.

12.    Further, Plaintiff had health insurance coverage plan and also failed to mitigate her damages to the extent she did not submit her bills for medical treatment to her health insurance carrier.  This would have resulted in an adjustment of the Tier 1 billed charge and likely payment to the medical providers.

13.    Evidence of Plaintiff's failure to mitigate damages in these regards is discoverable and admissible at the trial of this case.

14.    Further, Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

15.    Pleading further, Defendant states that Plaintiff is not entitled to recover punitive damages or exemplary damages in any form or fashion in her alleged cause of action in that it would violate Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas.

16.    In the alternative, and without waiving the foregoing, Defendant is entitled to the protections afforded to it under TEXAS PRACTICE & REMEDIES CODE ANN. §41.003 et. seq.

17.    Additionally, the injuries suffered by Plaintiff were the result of the acts of a responsible third party. The mirrors which caused the damage were an auction item which had already been purchased and paid for by an unknown individual(s). That individual(s) then

proceeded to the loading dock with the cart of mirrors to prepare them for transport. At some point prior to loading the mirrors into his/her vehicle and departing the Salvation Army facility, the mirrors fell from the cart and caused Plaintiff's alleged injuries. At the time of the accident, Defendant did not own the mirrors or have any control over their movement. Defendant does not know the identity of the individual(s) who purchased and moved the mirrors, but believes that individual(s) is responsible for Plaintiff's alleged damages.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant The Salvation Army. pray that the Court grant the relief requested herein and enter judgment that Plaintiff take nothing by way of her causes of action against Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT PLLC**
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
512-329-3290
888-255-0132 fax

By: */s/ Katie Santmyer*
   Lynn S. Castagna
   State Bar No. 03980520
   lynn@texasdefense.com
   Katherine M. "Katie" Santmyer
   State Bar No. 24108708
   Katie@texasdefense.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on the following person(s), in the manner(s) indicated below:

*<u>VIA E-SERVICE</u>*
*<u>And/or VIA E-MAIL</u>*
Jeff B. Badders
Matt Hancock
BADDERS LAW FIRM, PC
1208 West Gray Street
Houston, Texas 77019

and in accordance with the Texas Rules of Civil Procedure, on the 15th day of August 2024.

 */s/ Katie Santmyer*
Katherine M. "Katie" Santmyer

---

*Defendant's Original Answer*                                                                    6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roxanne Esparza on behalf of Katherine Santmyer
Bar No. 24108708
roxanne@texasdefense.com
Envelope ID: 104421594
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 8/15/2025 11:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Badders | | badders@badderslaw.com | 8/15/2025 10:01:03 AM | SENT |
| Matt Hancock | | matt.h@badderslaw.com | 8/15/2025 10:01:03 AM | SENT |
| Alexandria White | | Alex@badderslaw.com | 8/15/2025 10:01:03 AM | SENT |
| Matt Hancock | | Matt.H@badderslaw.com | 8/15/2025 10:01:03 AM | SENT |
| Jeff BBadders | | Badders@Badderslaw.com | 8/15/2025 10:01:03 AM | SENT |
| Lynn Castagna | | lynn@texasdefense.com | 8/15/2025 10:01:03 AM | SENT |
| Katherine M. "Katie"Santmyer | | katie@texasdefense.com | 8/15/2025 10:01:03 AM | SENT |